UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
VERNON NORMAN EARLE,                )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   Civil Action No. 10-0422 (PLF)
                                    )
ERIC HOLDER, *et al.*,              )
                                    )
            Defendants.             )
_____)

MEMORANDUM OPINION

        Plaintiff, proceeding *pro se*, commenced this action against several individual District of Columbia and federal defendants, seeking monetary damages and the "correction of [his] files and [r]ecords, as reflective of [his] [District of Columbia] sentences . . . ." Civil Complaint ("Compl.") at 10. Plaintiff, who is incarcerated at the McCreary United States Penitentiary in Pine Knot, Kentucky, states that this action "arises" under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. *Id*. at 5. The Court recently granted plaintiff's motion to withdraw any claims brought against the individual federal defendants under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Memorandum Opinion and Order of September 9, 2011 [Dkt. # 29].

        The District of Columbia defendants, Patricia B. Britton and Oluwasegun Obebe, move to dismiss or for summary judgment. For the following reasons, the Court will grant their motion to dismiss.

The District of Columbia defendants have not specified the grounds upon which their motion is based, *see* Rule 7(b)(1)(B), Fed. R. Civ. P., but they argue, correctly, that plaintiff has failed to state a claim against them because neither the FOIA nor the Privacy Act applies to the District of Columbia.  *See* Mem. of P. & A. in Supp. of Defs.' Patricia B. Britton and Oluwasegun Obebe's Mot. to Dismiss or, in the Alternative, for Summ. J. at 6 (page number supplied).  Plaintiff opposed the instant motion "in the blind" because he states that he was never served with a copy of the motion.  *See* Plaintiff['s] Response as Was Ordered by the Court and Request This Court Please Take Judicial Notice That Plaintiff is Opposing Defendants Patricia B. Britton and Oluwasegun Obebe's Summary Judgment Motion in the Blind, Base[d] on None Service of Such Motion[,] With Affidavit in Support of Opposition [Dkt. # 17].  Nevertheless, he maintains that this lawsuit arises under the FOIA and the Privacy Act, *see* Brief in Opp'n to Defs.' Mot. for Summ. J. at 1-3, and the allegations of the complaint, challenging the accuracy of records maintained by the Bureau of Prisons, are consistent with claims that are the exclusive province of the Privacy Act.  *See Chung v. U.S. Dep't of Justice*, 333 F.3d 273, 274 (D.C. Cir. 2003) (affirming dismissal of constitutional claims against DOJ officials as "encompassed within the remedial scheme of the Privacy Act.") (citation omitted); *accord Lynn v. Lappin*, 593 F. Supp. 2d 104, 105-06 (D.D.C. 2009) (dismissing "the constitutional claims and the claims against the individual defendants to the extent that they are sued in their individual capacities.") (citations omitted).

Both the FOIA and the Privacy Act concern the obligations of federal agencies. *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006); *see Petrus v. Brown*, 833 F.2d 581, 582 (5th Cir. 1987) ("Both FOIA and the Privacy Act give the federal district courts

jurisdiction over certain actions against agencies [defined as] " 'any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government . . ., or any independent regulatory agency.' ") (footnote omitted).  In addition, individuals are not subject to suit under either the FOIA or the Privacy Act.  *See Martinez v. Bureau of Prisons*, 444 F.3d at 624 ("[T]he district court properly dismissed the named individual defendants because no cause of action exists that would entitle appellant to relief from them under the Privacy Act or FOIA.") (citations omitted); *Sonds v. Huff,* 391 F. Supp. 2d 152, 155 (D.D.C. 2005) (substituting the Department of Justice as the sole defendant in FOIA action).  The Court therefore will grant the District of Columbia defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.[1]  A separate Order accompanies this Memorandum Opinion.

/s/_____
PAUL L. FRIEDMAN
DATE:  September 28, 2011                United States District Judge

---

[1] To the extent that plaintiff may have a claim against the District of Columbia defendants under the District's FOIA statute, D.C. Code §§ 2-531-40, the Court declines to exercise supplemental jurisdiction over such claim.