UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

)
VERNON NORMAN EARLE,               )
                         )
        Plaintiff,          )
                         )
        v.              )   Civil Action No. 10-0422 (PLF)
                         )
ERIC HOLDER, *et al.*,            )
                         )
        Defendants.      )
)

---

OPINION

        Plaintiff, a federal prisoner proceeding *pro se*, commenced this action against several individual District of Columbia and federal defendants, seeking monetary damages and the "correction of [his] files and [r]ecords, as reflective of [his] [District of Columbia] sentences . . . ." Civil Complaint ("Compl.") at 10.[1] Plaintiff states that this action "arises" under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. *Id.* at 5. The Court recently granted plaintiff's motion to withdraw any claims brought against the individual federal defendants under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Memorandum Opinion and Order of September 9, 2011 [Dkt. # 29]. In addition, the Court recently dismissed the claims against the District of Columbia defendants. *See* Order of September 28, 2011 [Dkt. # 31].

        The federal defendants move collectively to dismiss the complaint. Upon consideration of the parties' submissions, and for the following reasons, the Court will grant the instant motion to dismiss the remaining FOIA and Privacy Act claims.

---

        [1]     Plaintiff is currently incarcerated at the McCreary United States Penitentiary ("USP") in Pine Knot, Kentucky.

## I.  BACKGROUND

The alleged facts relevant to the instant motion are as follows.  On December 18, 2006, plaintiff's case manager at USP Big Sandy in Inez, Kentucky, Jenifer Fultz, conducted "a Reclassification on Plaintiff using the male custody Classification form . . . ."  Compl. at 5.  Fultz "change[d] my current conviction to prior conviction and activated a sentence which can not be aggregated because its [sic] a federal sentence, and my present sentence is a District of Columbia . . . sentence."  *Id*.  Plaintiff alleges that Fultz was retaliating against him for having filed "several Grievances against her" and that she "informed plaintiff before his Classification that she [was] going to give [him] 24 points to keep him in the penitentiary settings."  *Id*.  Plaintiff unsuccessfully appealed the classification and, on August 9, 2007, "the B.O.P. Director" allegedly "concur[red] with the incorrect calculation of plaintiff['s] criminal [h]istory score base [sic] on prior conviction which is the corrent [sic] sentence now been [sic] serve [sic] by the plaintiff."  *Id*., ¶ 3; *see* Compl. Attach. [Dkt. # 1-1] at 21 (Response to Administrative Remedy).[2]

On October 4, 2007, plaintiff was transferred to his current facility, USP McCreary, where he was informed that he had 27 points, "up 3 points from the 24 at [USP Big Sandy]."  Compl. at 5, ¶ 4.  When plaintiff protested the accuracy of the scoring, he allegedly was directed to view his presentence investigation report ("PSR").  *Id*. at 6.  After reviewing the report, plaintiff determined that he was scored incorrectly based on an alleged improper aggregation of his federal sentence of 30 months for escape with his District of Columbia sentence.  *Id*.  According to plaintiff, the "30 month[] sentence has effectively taken the place of

---

[2]        In ruling on a Rule 12(b)(6) motion to dismiss, the Court may consider "any documents either attached to or incorporated in the complaint . . . without converting the motion to dismiss into one for summary judgment."  *Baker v. Henderson*, 150 F. Supp. 2d 13, 15 (D.D.C. 2001) (citations omitted).

plaintiff['s] corrent [sic] sentence, and place plaintiff['s] D.C.D.C. as prior convictions, which would make [the D.C.] sentences stop [r]unning." *Id*. Plaintiff says he informed his then-case manager, T. Browder, and the case manager coordinator, T. Sheldrake, that they could "activate nothing concerning the . . . federal sentence" until he had completed service of the D.C. sentence. *Id*. The case managers allegedly told plaintiff that he would need to write "the probation office to [challenge] the files and records['] incorrectness." *Id*. Plaintiff allegedly demanded that the case managers contact the probation office pursuant to Bureau of Prisons ("BOP") policy and the Privacy Act. *Id*. He then filed grievances, "but to no avail." *Id*.; *see generally* Compl. Attachs. Allegedly, on April 16, 2008, in response to plaintiff's appeal to BOP's central office, "the F.B.O.P. director refuse[d] to act on its own policy to instruct its employees to do their duty . . . .," which, according to plaintiff, was to contact the probation office to correct information contained in his PSR. *Id*. at 7.

Plaintiff further alleges that on August 15, 2008, he filed a FOIA/PA request with BOP "for correction of Records or 'Amendment Request' . . . ." *Id*. at 8. He received a response "refusing to address [the] issue" on September 17, 2008. *Id*. On October 1, 2008, plaintiff appealed the denial of his request "to amend and correct [his] records and files" to "[then-BOP] Director Harley G. Lappin," who acknowledged the appeal by letter of November 21, 2008. *Id*. On February 13, 2009, plaintiff "received a communication from the Office of privacy and Civil Liberties, in the U.S. Department of [J]ustice, assigning an appeal number." *Id*. Plaintiff sent that office a letter on March 4, 2009, complaining about the delay. This civil action was formally filed on March 15, 2010.[3]

_____

[3]	In his certificate of service attached to the complaint, plaintiff states that he mailed the complaint from his prison on January 21, 2010. Under the so-called mailbox rule

(continued...)

## II. DISCUSSION

### A. The FOIA Claim

As an initial matter, the Court finds that the complaint establishes no basis for exercising jurisdiction under the FOIA.  The Court's jurisdiction under the FOIA extends only to claims arising from the improper withholding of agency records.  *See Vazquez v. U.S. Dep't of Justice*, 764 F. Supp. 2d 117, 119 (D.D.C. 2011) (citing 5 U.S.C. § 552(a)(4)(B); *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983)).  Plaintiff has not alleged that he requested the disclosure of records and was denied.  *See* 5 U.S.C. § 552(a)(6)(A)(I) (requiring an agency to "determine within 20 days . . . after the receipt" of a properly submitted FOIA request "whether to comply with the request" and to notify the requester accordingly).  Rather, he challenges  the accuracy of agency records, which is the exclusive province of the Privacy Act.  *See Chung v. U.S. Dep't of Justice*, 333 F.3d 273, 274 (D.C. Cir. 2003) (affirming dismissal of constitutional claims against DOJ officials as "encompassed within the remedial scheme of the Privacy Act.") (citation omitted); *accord Lynn v. Lappin*, 593 F. Supp. 2d 104, 105-06 (D.D.C. 2009) (dismissing constitutional claims)(citations omitted); *see also Blazy v. Tenet*, 194 F.3d 90, 96 (D.C. Cir. 1999) (explaining that "[u]nlike FOIA, the Privacy Act's primary purpose is not disclosure.  Rather, 'the main purpose of the Privacy Act's disclosure requirement is to allow individuals on whom information is being compiled and retrieved the opportunity to review the information and request that the agency correct any inaccuracies.' ") (quoting  *Henke v. United States Dep't of Commerce*, 83 F.3d 1453, 1456-57 (D.C. Cir. 1996)).

---

[3](...continued)
applicable to actions filed by prisoners, the Court accepts this date as the filing date for purposes of measuring the statutory limitations period.

4

For these reasons, the Court dismisses any claims purportedly "arising" under the FOIA for lack of jurisdiction.

### B.  The Privacy Act Claim

Defendants seek dismissal of the Privacy Act claim on the grounds that (1) the Privacy Act does not authorize claims against individuals; (2) the claim is time-barred; (3) the BOP has exempted its inmate central file – where plaintiff's PSR is maintained – from the Privacy Act's amendment and accuracy provisions; and (4) the Privacy Act is not the proper avenue for challenging the accuracy of information contained in the PSR.

### 1.  The Proper Defendants

Defendants correctly argue that the Privacy Act does not authorize claims against individuals.  *See* Mem. of P. & A. in Support of Fed. Defs.' Mot. to Dismiss ("Defs.' Mem.") at 6-7; *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) ("[T]he district court properly dismissed the named individual defendants because no cause of action exists that would entitle appellant to relief from them under the Privacy Act or FOIA.") (citations omitted); *accord Lynn v. Lappin*, 593 F. Supp. 2d at 105-06 (dismissing "the constitutional claims and the claims against the individual defendants to the extent that they are sued in their individual capacities.") (citations omitted).  The Court therefore dismisses the complaint against the individual officials and substitutes the Department of Justice ("DOJ"), of which BOP is a component, as the proper defendant.  *See Sonds v. Huff,* 391 F. Supp. 2d 152, 155 (D.D.C. 2005) (substituting DOJ as the sole defendant in FOIA action naming individual defendants).

2.  The Statute of Limitations

The Privacy Act authorizes a lawsuit

> to enforce any liability created under this section . . . [if it is] brought
> . . . within two years from the date on which the cause of action
> arises, except that where an agency has materially and willfully
> misrepresented any information required under this section to be
> disclosed to an individual and the information so misrepresented is
> material to establishment of the liability of the agency to the
> individual under this section, the action may be brought at any time
> within two years after discovery by the individual of the
> misrepresentation.

5 U.S.C. § 552a(g)(5).  *See Tijerina v. Walters*, 821 F.2d 789, 798 (D.C. Cir. 1987) (the Privacy

Act's statute of limitations begins to run when the plaintiff knew or had reason to know of the

alleged violation).  Defendants wrongly assert that "[f]ailing to file a Privacy Act claim within

the two-year statute of limitations period effectively deprives the court of subject matter

jurisdiction . . . ."  Defs.' Mem. at 8.  The Privacy Act's statute of limitations is not jurisdictional;

it therefore is subject to equitable tolling in appropriate circumstances, "most commonly when

the plaintiff 'despite all due diligence . . . is unable to obtain vital information bearing on the

existence of his claim.' "  *Chung v. Dep't of Justice*, 333 F.3d 273, 278 (D.C. Cir. 2003) (quoting

*Currier v. Radio Free Europe*, 159 F.3d 1363, 1367 (D.C. Cir. 1998)).  "Because statute of

limitations issues often depend on contested questions of fact . . . the Court may grant a motion

to dismiss as untimely only if the complaint on its face is conclusively time-barred . . . or if no

reasonable person could disagree on the date on which the cause of action accrued."  *Ramirez v.*

*Dep't of Justice*, 594 F. Supp. 2d 58, 62-63 (D.D.C. 2009) (citations and internal quotation marks

omitted).

Defendants argue that plaintiff knew about his claim "as early as November 5,

2007," and that "the latest date that the cause of action pertaining to the [PSR] could have arose

[sic] is on the date he filed the Request for Administrative Remedy, on December 3, 2007."

Defs.' Mem. at 8.  The response to plaintiff's grievance, however, informed plaintiff that he

could appeal the decision to the Regional Director at BOP's Mid-Atlantic Regional Office, which

he did.  Compl. Attach. at 4 (Part B-Response); *id.* at 5 (Regional Administrative Remedy

Appeal).  Defendants have not refuted plaintiff's documented administrative pursuits since

discovering the impact of the alleged inaccuracies on his classification score, *see generally*

Compl. Attachs., the last of which, according to plaintiff, occurred on August 15, 2008, when he

submitted a request under the Privacy Act for BOP to amend or correct his records.  Compl. at 8.[4]

Furthermore, defendants have not disputed plaintiff's contention that the final agency action

occurred on September 17, 2008, when the BOP Director denied his administrative appeal.  *Id.*

Finally, the Court will not fault plaintiff for seeking a final agency decision that, if successful,

would have negated his need to file a lawsuit.  *See Hidalgo v. FBI*, 344 F.3d 1256, 1258-59 (D.C.

Cir. 2003) (" 'Exhaustion of administrative remedies is generally required before filing suit in

federal court so that the agency has an opportunity to exercise its discretion and expertise on the

matter and to make a factual record to support its decision.' ") (quoting *Oglesby v. United States

Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)) (other citation omitted).

---

[4]         On a motion to dismiss under Rule 12(b)(6), the Court "must accept as true all of
the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)*;
see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Phillips v. Fulwood*, 616
F.3d 577, 581 (D.C. Cir. 2010).  The complaint "is construed liberally in the [plaintiff's] favor,
and [the Court should] grant [the plaintiff] the benefit of all inferences that can be derived from
the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).
Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are
unsupported by facts alleged in the complaint, nor must the Court accept the plaintiff's legal
conclusions. *See id.* at 1276; *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

Accepting that the final adverse decision occurred on September 17, 2008, when arguably plaintiff would have finally obtained vital information bearing on the existence of a claim, the Court finds that plaintiff's submission of the complaint for filing on January 21, 2010 was well within the two-year limitations period.  Defendants' motion to dismiss the Privacy Act claim as time-barred therefore is denied.

### 3.  BOP's Exempted Files

The Privacy Act requires federal agencies to maintain records used in making determinations "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination [about the individual]. . . ." 5 U.S.C. § 552a(e)(5).  Section 552a(d) allows individuals access to agency records about themselves and to request the amendment of records "they believe to be inaccurate, irrelevant, untimely, or incomplete."  *Doe v. Federal Bureau of Investigation*, 936 F.2d 1346, 1350 (D.C. Cir. 1991).  Subsections (g)(1)(A) and (C) authorize civil actions to enforce the amendment provisions, and subsection (g)(4) provides for monetary damages, costs and attorneys' fees where the agency has acted intentionally or willfully.  *See Doe v. Fed. Bureau of Investigation*, 936 F.2d at 1350; *accord Deters v. United States Parole Comm'n*, 85 F.3d 655, 660-61 (D.C. Cir. 1996); *Sellers v. Bureau of Prisons*, 959 F.2d 307, 310-12 (D.C. Cir. 1992).

Notwithstanding the foregoing remedies, law enforcement agencies, such as BOP, are authorized by statute to exempt certain record systems from certain requirements of the Privacy Act.  *See Murray v. Fed. Bureau of Prisons*, 741 F. Supp. 2d 156, 161-62 (D.D.C. 2010).  It is settled that inmate records maintained by BOP, including presentence reports, have been exempted from the Privacy Act's accuracy and amendment requirements (subsections (d) and

(e)(5)) and from its damages provision (subsection (g)).  *See* 5 U.S.C. § 552a(j) (authorizing

agencies to make exemptions); 28 C.F.R. § 16.97 (listing BOP exemptions); *Martinez v. BOP*,

444 F.3d at 624  ("The BOP has exempted its Inmate Central Record System from the accuracy

provisions of the Privacy Act, 5 U.S.C. § 552a(e)(5)."); *White v. U.S. Probation Office*, 148 F.3d

1124, 1125 (D.C. Cir. 1998) ("BOP inmate records systems are exempt from the amendment

provisions of the [Privacy] Act."); *Murray v. Fed. Bureau of Prisons*, 741 F. Supp. 2d at 162

(concluding that "the complaint fails to state Privacy Act claims upon which relief can be granted

with respect to . . . information maintained in the [exempted] Inmate Central Record System . . .

."); *Truesdale v. U.S. Dep't of Justice*, 731 F. Supp. 2d 3, 10-11 (D.D.C. 2010) (citing cases);

*Ramirez v. Dep't of Justice*, 594 F. Supp. 2d at 65 ("regulations exempt BOP's Inmate Central

Records System (JUSTICE/BOP-005) . . . from subsections (d) and (g) . . . . Having exempted its

records from the substantive provision regarding the agency's recordkeeping obligations, BOP

effectively deprives litigants of a remedy for any harm caused by the agency's substandard

recordkeeping."); *Lopez v. Huff*, 508 F. Supp.2d 71, 77 (D.D.C. 2007) ("To the extent that

plaintiff is seeking to have his [presentence investigation report] amended, such relief is not

available because the BOP has properly exempted its inmate central files, where such documents

are kept, from the [Privacy Act's] amendment requirements.") (citations omitted).

   In his opposition, plaintiff asserts that he is not seeking to amend his PSR but

rather is claiming that "the [retaliatory] improper activation and aggregation of [his] federal

sentence to push up [his] custody points in order to keep [him] in the penitentiary" violates his

constitutional rights.  Brief in Opp'n to Fed. Defs.' Mot. to Dismiss [Dkt. # 24] at 7.  The Privacy

Act, under which plaintiff has established he is proceeding, "allows for amendment of factual or

historical errors.  It is not [as plaintiff now seems to urge] a vehicle for amending the judgments

of federal officials or . . . other[s] . . . as those judgments are reflected in records maintained by federal agencies." *Kleiman v. Dep't of Energy*, 956 F.2d 335, 337-38 (D.C. Cir. 1992); *see Allmon v. Fed. Bureau of Prisons*, 605 F. Supp. 2d 1, 7 (D.D.C. 2009) ("The Privacy Act is not a means to challenge the opinions or judgments of the agency."). Defendants' motion to dismiss the Privacy Act claim under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim therefore must be granted.

### 4. Challenging the PSR

As noted, in response to plaintiff's grievance about the alleged inaccuracies in the PSR, BOP correctly informed plaintiff on several occasions that it lacked authority to modify the document but that it could verify the disputed information with the U.S. Probation Office that had prepared the document. *See* Compl. Attach. at 6 (Regional Administrative Remedy Appeal Part B-Response dated February 13, 2008). Plaintiff's appeal was denied because he had not provided "sufficient information," for verification but merely "contended the score [was] wrong." *Id.*; *see also id.* at 8 (Administrative Remedy Response dated April 16, 2008) ("You cannot expect staff to submit a vague request to the probation office, claiming the entire [PSR] is a fraud.").

To the extent, then, that BOP had a duty to verify the accuracy of plaintiff's PSR, *see Sellers v. Bureau of Prisons*, 959 F.2d at 311-12, the Court finds, based in part on its own struggle to comprehend plaintiff's claim, that BOP reasonably concluded that it lacked the level of specificity needed to fashion an inquiry to the Probation Office. In any event, apparently the *Sellers* directive to verify easily verifiable information in BOP records is no longer controlling under the circumstances presented here, " 'as it was decided before the Bureau of Prisons

exempted the relevant system of records from the accuracy provision.' " *Truesdale v. U.S. Dep't of Justice*, 731 F. Supp. 2d at 10 (quoting *Lane v. Fed. Bureau of Prisons*, No. 09-5228, 2010 WL 288816 (D.C. Cir. Jan. 7, 2010) (per curiam)); *see Clow v. Fed. Bureau of Prisons*, No. 08cv01121, 2008 WL 2885781, at *1 (D.D.C. July 25, 2008) ("At the time of the *Sellers* decision in 1992, the BOP had not yet promulgated the regulation exempting its Inmate Central Records System from Section (e)(5) of the Privacy Act.") (citing 28 C.F.R. § 16.97 (1992)).  The Court therefore finds no violation of the Privacy Act arising from BOP's response to plaintiff's issues with his PSR.

### 5.  The Retaliation Claim

Plaintiff alleges that in December 2006, Jenifer Fultz, who was his case manager at USP Big Sandy, retaliated against him for filing grievances against her by threatening to "give [him] 24 points to keep him in the penitentiary settings."  Compl. at 5.  The "retaliatory fabrication of prison records would certainly meet [the] definition of a willful or intentional Privacy Act violation  –  a violation 'so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful.' "  *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 584 (D.C. Cir. 2002) (quoting *Deters v. United States Parole Commission*, 85 F.3d at 660); *see id.*, at 583 ("To state a claim for money damages under the Privacy Act . . . the plaintiff must allege: inaccurate records, agency intent, proximate causation, and an adverse determination.") (internal quotation marks omitted).[5]

---

[5]     The Court notes that *Toolasprashad* may no longer be controlling because it was decided on April 19, 2002, four months before BOP's regulation exempting its inmate files from the Privacy Act's accuracy and damages provision went into effect.  *See Ramirez v. Dep't of Justice*, 594 F. Supp. 2d at 65 & n.8  ("[U]nder 5 U.S.C. § 552a(j)(2), BOP's Inmate Central Records System is exempt from subsection (e)(5) of the Privacy Act") (citing 28 C.F.R. § 16.97

(continued...)

Plaintiff's retaliation claim must fail, however, because he has not stated any facts establishing that Fultz threatened to – or did – fabricate his records and that he suffered an adverse determination as a result of the fabrication.  Nor can plaintiff credibly attribute his higher score of 27 points upon his arrival at USP McCreary in October 2007 to Fultz or, for that matter, to any BOP employee.  *See* Compl. at 6 (attributing the alleged incorrect scoring to "the specific [d]ocuments in his PSR").  In addition, plaintiff cannot credibly argue that Fultz's alleged threat merely to score him at 24 "would . . . inhibit an ordinary person" from exercising his First Amendment right to file grievances.  *Toolasprashad v. Bureau of Prisons*, 286 F.3d at 585; *see id*. at 584 ("Prisoners . . . retain their First Amendment 'right to petition the Government for a redress of grievances.' ") (quoting *Turner v. Safley*, 482 U.S. 78, 84 (1987)).  The Court therefore finds that plaintiff has failed to state a claim of retaliation under the Privacy Act.  *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (to withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' ") (citation omitted).

## III.  CONCLUSION

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over plaintiff's purported FOIA claim and that plaintiff has failed to state a claim for relief under the Privacy Act.  Therefore, the Court grants the federal defendants' motion to

---

[5](...continued)
(j) (effective August, 9, 2002)) (noting that "[t]he variation in language between subsections (e)(5) and (g)(1)(C) of the Privacy Act is 'of no substantive significance.' ") (quoting *Doe v. United States*, 821 F.2d 694, 698 n.10 (D.C. Cir. 1987) (en banc)).

dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  A separate

Order accompanies this Opinion.


/s/_____
PAUL L. FRIEDMAN
DATE:   September 30, 2011          United States District Judge